## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAUL VASQUEZ MERIDA,** | : | **CIVIL ACTION** |
| *Petitioner,* | : | |
| | : | **NO. 26-2986** |
| **v.** | : | |
| | : | |
| **J.L. JAMISON, in his official capacity** | : | |
| **as warden of the Federal Detention** | : | |
| **Center, Philadelphia,** *et al.*, | : | |
| *Respondents.* | : | |

## ORDER

**AND NOW**, this 5th day of May 2026, at approximately 11:30 A.M., Eastern Standard Time, upon consideration of Petitioner Raul Vasquez Merida's, ("Petitioner"), *motion for temporary restraining order,* (ECF 2), and the averments in the *petition for a writ of habeas corpus*, (the "Petition"), (ECF 1), it is hereby **ORDERED** that the motion for temporary restraining order is **GRANTED**, as follows:

1.  This Court finds that:

    a.  The Petition and motion for temporary restraining order raise substantive issues that may have merit, and time may be of the essence, thus, justifying *ex-parte* action by this Court; and

    b.  In the absence of injunctive relief, and based on the arguments presented, Petitioner is likely to suffer substantial, immediate, and irreparable injury, including, *inter alia*, removal from the United States of America without due process of law, in violation of the Fifth Amendment of the United States Constitution, and in contravention of the status previously awarded to him by the United States Citizenship and Immigration Services.

2.  Respondents shall not move or remove Petitioner outside of City of Philadelphia or the Philadelphia Federal Detention Center during the pendency of this matter.[1] Any such movement of Petitioner will be deemed a violation of this Order.

---

[1] This Court takes judicial notice that ICE's Online Detainee Locator System shows that Petitioner is currently at the Philadelphia Federal Detention Center. *See Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017) ("It is appropriate to take judicial notice of . . . information . . . made publicly

3.      In accordance with Federal Rule of Civil Procedure 65(c), Petitioner shall post nominal security in the amount of one hundred dollars ($100) with the Clerk of Court for the Eastern District of Pennsylvania by May 8, 2026.

4.      This Temporary Restraining Order shall expire on May 19, 2026, at 11:30 A.M., Eastern Standard Time, unless, before such time, Respondents consent to its extension for a longer period of time, or the Court extends the duration of this Order for good cause or adjudicates the underlying Petition or Motion.

5.      Respondents shall formally file, by *May 8, 2026*, an expedited response to the Petition, along with its exhibits, copies of all relevant documents, and an index of exhibits.  Respondents' answer shall provide the statutory authority for their detainment of Petitioner, *see* 28 U.S.C. § 2243, the related legal analysis, and record evidence supporting the asserted statutory basis for the detention.

6.      Respondents are to serve Petitioner's counsel with a certified response on the date directed.

The Clerk of the Court is herein **DIRECTED** to forward a copy electronically of the Petition and motion for temporary restraining Order, (ECF 1, 2), this Order, and the Clerk's Office acceptance of service form to the Chief, Civil Division, at the Philadelphia United States Attorney's Office.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

available by government entities[.]" (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).